

FILED

05 OCT 12 PM 2:32

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 5:04 CR 339 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Judge Patricia A. Gaughan |
| v. | ) | |
| WARNER D. BAXTER, | ) | PLEA AGREEMENT |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set forth below, the United States Attorney's Office for the Northern District of Ohio (hereinafter "USAO"), by and through its undersigned attorney, and the defendant, WARNER D. BAXTER (hereinafter "Defendant"), agree as follows:

## MAXIMUM PENALTIES AND OTHER CONSEQUENCES OF PLEADING GUILTY

1. **Waiver of Constitutional Trial Rights.** Defendant understands that Defendant has the right to plead not guilty and go to trial. At trial, Defendant would be presumed innocent, have the right to trial by jury or the Court, with the consent of the United States, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, and the right against compelled self-incrimination. Defendant understands that Defendant has the right to an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent Defendant. Defendant understands that, if Defendant pleads guilty and that plea is accepted by the Court, there will not be a further trial of any kind, so that by pleading guilty Defendant waives the right to a trial.

The Defendant understands that he may, but does not necessarily, possess a constitutional right to have certain factors under the U.S. Sentencing Guidelines included in a grand jury indictment and decided by a jury under a proof beyond a reasonable doubt standard. Defendant knowingly, intelligently and voluntarily waives any right he may possess to have such factors alleged in an indictment and determined by a jury. Defendant understands that, by virtue of this waiver, his sentence, and the existence of factors which may increase or affect his sentence, may be decided by the district court, without a jury.

Defendant understands that the district court may rely upon stipulations in this plea agreement as well as any other reliable evidence, including hearsay, in making those determinations and in imposing sentence. Defendant understands that he will be sentenced under the U.S. Sentencing Guidelines and waives any constitutional challenge to those Guidelines and/or to the imposition of sentence under the Guidelines. Defendant acknowledges discussing this waiver and its consequences with counsel and understands the nature and consequences of this waiver.

2. **Maximum Sentence.** The statutory maximum sentence for the count to which Defendant agrees to plead guilty is/are as follows:

| Count | Statute | Maximum sentence per count |
|---|---|---|
| 2 | 18 U.S.C. § 2423(b) | Imprisonment: 30 years<br>Fine: $250,000.00<br>Supervised release: Life |

3. **Sentencing Guidelines.** In imposing sentence, the Court will be required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances.

4. **Special Assessment.** Defendant will be required to pay a mandatory special assessment of $100.00, due immediately upon sentencing.

5. **Costs.** The Court may order Defendant to pay the costs of prosecution and sentence, including but not limited to imprisonment, community confinement, home detention, probation, and supervised release.

6. **Restitution.** The Court may order Defendant to pay restitution as a condition of the sentence, probation, and/or supervised release.

7. **Violation of Probation/Supervised Release.** If Defendant violates any term or condition of probation or supervised release, such violation could result in a period of incarceration or other additional penalty as imposed by the Court. In some circumstances, the combined term of imprisonment under the initial sentence and additional period of incarceration could exceed the maximum statutory term.

## ELEMENTS OF THE OFFENSE

8. The elements of the offense to which Defendant will plead guilty are:

| Count 2: 18 U.S.C. § 2423(b)   Travel with Intent to Engage in Illicit Sexual Conduct ||
|---|---|
| One: | Defendant knowingly traveled in interstate commerce; and |
| Two: | Defendant did so for the purpose of engaging in any illicit sexual conduct with another person. |

## AGREEMENTS AND STIPULATIONS OF THE PARTIES

## GUILTY PLEA / OTHER CHARGES

9. **Agreement to Plead Guilty.** Defendant agrees to plead guilty to count 2 of the Indictment in this case.

10. **Dismissal of Count.** Upon sentencing, the USAO will move to dismiss count 1 of the Indictment in this case.

## FACTUAL BASIS

The parties stipulate to the following facts, which satisfy all of the elements of the offense to which Defendant agrees to plead guilty:

11. Between October 27, 2004 and June 4, 2004 Defendant participated in communication with an individual whom he thought to be an adult woman with a twelve year-old daughter, but was in reality an undercover police officer. Such communication consisted of instant message conversations, e-mails, and telephone calls. During the course of said communications, Defendant repeatedly expressed his desire to engage in various sexual acts with the individuals he thought to be an adult woman and her twelve year-old daughter, including, but not limited to genital-genital and oral-genital contact.

12. On June 4, 2004, Defendant traveled from the State of Michigam to the State of Ohio for the purpose of engaging in sexual activity with two individuals he thought to be an adult woman and her twelve year-old daughter.

13. Defendant met the undercover officer at a restaurant in Massillon, Ohio and discussed his intentions to be alone with the twelve year-old girl. Defendant was arrested upon exiting the restaurant.

14. Among the items seized from Defendant incident to his arrest were condoms, Viagra, lubricant, and a gold chain, which Defendant had indicated was for the twelve year-old to wear on her underwear.

**WAIVER OF APPEAL AND POST-CONVICTION ATTACK**

15. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The Defendant expressly waives those rights, except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court. Nothing in this paragraph shall act as a bar to the Defendant perfecting any legal remedies Defendant

may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

## SENTENCING STIPULATIONS AND AGREEMENTS

16. **Stipulated Guideline Computation.** The parties agree that the following calculation, using the Guidelines Manual effective November 1, 2003, represents the correct computation of the applicable offense level in this case, prior to any adjustment for acceptance of responsibility. The parties agree that no other Sentencing Guideline adjustments apply.

| Count 2 Guideline § 2A3.2 | | |
|---|---|---|
| Base offense level | 21 | § 2A3.2(a)(2) |
| Use of Computer | +2 | § 2A3.2(b)(3) |
| | | |
| **Subtotal** | 23 | |

17. **Acceptance of Responsibility.** The USAO has no reason to believe at this time that Defendant has not clearly and affirmatively accepted personal responsibility for Defendant's criminal conduct. Defendant understands, however, that the Court will determine acceptance of responsibility based on Defendant's overall conduct as of the date of sentencing.

18. **Agreement Not to Seek Departures.** The parties agree that there are no bases for either an upward or downward departure from the Sentencing Guidelines and agree not to seek any such departure.

19. **Criminal History Category.** The parties have no agreement as to the Criminal History Category applicable in this case. Defendant understands that the Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office.

20. **Special Conditions of Supervised Release or Parole.**

Defendant is aware that the following conditions of supervised release will be proposed at the time of sentencing, but reserves the right to object to any or all such conditions.

A) Defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of his computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s), at his expense, any hardware/software to monitor his computer use or prevent access to particular materials. Defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly. Defendant shall provide the U.S. Probation Office with accurate information about his entire computer

system (hardware/software); all passwords used by him; and his Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program. Defendant shall submit to his person, residence place of business, computer, and/or vehicle, to a warrantless search conducted and controlled by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises and his computer may be subject to a search pursuant to this condition.

B)  Defendant shall not associate or have verbal, written, telephone, or electronic communication with any person under the age of 18 except (1) in the presence of the parent or legal guardian of said minor and (2) on the condition that Defendant notifies said parent or legal guardian of his conviction in the instant offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom Defendant must deal in order to obtain ordinary and usual commercial services.

Defendant shall not associate, in person or in any other manner, with any individual who has a sexual interest in or attraction to minors (persons under the age of eighteen), nor shall he correspond with any such individual, without the prior express written approval of the probation officer.

Defendant shall not seek, obtain or maintain any residence, employment, volunteer work, church or recreational activities involving minors (persons under the age of 18) in any way, without the prior express written approval of the probation officer.

Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facility, or other places primarily used by persons under the age of 18.

Defendant's residence and employment shall be approved by the probation officer, and any change in residence and/or employment must be approved by the probation officer. Defendant shall submit any proposed changes to residence and/or employment to the probation officer at least 20 days prior to any intended changes.

Defendant shall not frequent or loiter within 100 feet of schoolyards, playgrounds, theme parks, arcades, swimming pools, skating rinks, toy stores and other places where persons under the age of 18 play, congregate, or gather, without the prior express written approval of the probation officer.

Defendant will comply with all applicable requirements to register as a sexual offender.

At the direction of the probation officer, Defendant shall participate in an outpatient mental health program, including treatment for sexual deviancy, which may include polygraph testing.

## **OTHER PROVISIONS**

21.  **Agreement Silent as to Matters Not Expressly Addressed.** This agreement is silent as to all aspects of the determination of sentence not expressly addressed herein, and the parties are free to advise the Court of facts and to make recommendations to the Court with respect to all aspects of sentencing not agreed to herein.

22.  **Sentencing Recommendations Not Binding on the Court.** Defendant understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the applicable sentencing range, whether there is any basis to depart from that range, and what sentence to impose. Defendant further understands that once the Court has accepted Defendant's guilty plea(s), Defendant will not have the right to withdraw such plea(s) if the Court does not accept any sentencing recommendations made on Defendant's behalf or if Defendant is otherwise dissatisfied with the sentence.

23.  **Consequences of Breaching the Plea Agreement.** Defendant understands that if Defendant breaches any promise in this agreement or if Defendant's guilty plea(s) or conviction in this case are at any time rejected, vacated, or set aside, the USAO will be released from all of its obligations under this agreement and may institute or maintain any charges and make any recommendations with respect to sentencing that would otherwise be prohibited under the terms of the agreement. Defendant understands, however, that a breach

*plea.agreement.wpd*  Defendant's Initials: _____

of the agreement by Defendant will not entitle Defendant to withdraw, vacate, or set aside Defendant's guilty plea(s) or conviction.

24. **Agreement not Binding on other Jurisdictions and Agencies.** Defendant understands that this plea agreement is binding only on the United States Attorney's Office for the Northern District of Ohio (USAO). It does not bind any other United States Attorney, any other federal agency, or any state or local government.

25. **Defendant is Satisfied with Assistance of Counsel.** Defendant makes the following statements: I acknowledge receiving the assistance of counsel from attorney Harvey Bruner concerning this plea agreement. I have fully discussed with my attorney all of my Constitutional trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, the Sentencing Guidelines, and the potential consequences of pleading guilty in this case. I have had sufficient time and opportunity to discuss all aspects of the case in detail with my attorney and have told my attorney everything I know about the charges, any defense that I may have to those charges, and all personal and financial circumstances in possible mitigation of sentence. My attorney has done everything I have asked my attorney to do and I am satisfied with the legal services and advice provided to me by my attorney and believe that my attorney has given me competent and effective representation.

26. **Forfeiture.** The Defendant, pursuant to Title 18, Section 2253, United States Code, consents to the entry of an Initial Order of Forfeiture and a Final Order of Forfeiture, and agrees to forfeit to the United States ownership and all interest to the following:

1. Toshiba satellite Laptop Computer S/N 34120248H

2. Laptop case

3. Fujifilm Finepix A210 Digital Camera S/N 34A23456

The Defendant further agrees:

(A)  That these items were involved in the criminal activity pled to above and are, therefore, subject to forfeiture;

(B)  To take whatever steps are necessary to pass clear title to the United States;

(C)  To forfeit substitute assets to which he has clear title equal in value to those assets claimed by third parties in the event that any claim is made by third parties to the items; and

(D)  To execute whatever agreements, stipulations, and/or other documents that are necessary to effectuate the forfeiture of said property.

(E)  In the event that any of the Defendant's interest in the foregoing property is in a nominee name, the Defendant agrees to fully cooperate with the Government in securing good title in said property and to instruct said nominee to execute all documents needed in order for the Government to secure legal title in said property.

27. **Agreement Is Complete and Voluntarily Entered.** Defendant and Defendant's undersigned attorney state that this agreement constitutes the entire agreement between Defendant and the USAO and that no other promises or inducements have been made, directly or indirectly, by any agent or representative of the United States government concerning any plea to be entered in this case. In particular, no promises or agreements have been made with respect to any actual or prospective civil or administrative proceedings or actions involving Defendant, except as expressly stated herein. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

## SIGNATURES

**Defendant:** I have read this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I have read, understood, and approved the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement.

_____  12/2/04
WARNER D. BAXTER                  Date

**Defense Counsel:** I have read this plea agreement and concur in Defendant pleading in accordance with terms of the agreement. I have explained this plea agreement to Defendant, and to the best of my knowledge and belief, Defendant understands the agreement.

_____  12/2/04
Harvey Bruner, Esq.               Date

**United States Attorney's Office:** I accept and agree to this plea agreement on behalf of the United States Attorney for the Northern District of Ohio.

_____  12/2/04
Michael A. Sullivan               Date
Assistant U. S. Attorney (#0064338)
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3977; (216) 522-2403 (facsimile)
E-mail:Michael.A.Sullivan@usdoj.gov

**APPROVED:**

_____  12-2-04
Patricia A. Gaughan                Date
UNITED STATES DISTRICT JUDGE